```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          NORTHERN DIVISION


RICHARD CLOSSER,                      )
                                      )
              Plaintiff,              )
                                      )
         v.                           )    No. 2:06-CV-42-AGF
                                      )
HADLEY E. GRIMM, et al.,              )
                                      )
              Defendants.             )
```

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Richard Closser for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a

claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, a civilly-committed resident of the Missouri Sexual Offender Treatment Center, seeks monetary relief in this 42 U.S.C. § 1983 action against defendants Hadley E. Grimm (Judge, Macon County, Missouri), Robert J. Dawson (Macon County sheriff), Scott Hayes, Mike Fusselman, and Frederick Tucker. Plaintiff's "Statement of Claim" reads, in its entirety, as follows: "They use[d] a polygraph, which is not allow[ed] to be use[d] in a court of law, to convict me of said charges."

To the extent that plaintiff is seeking damages stemming from his allegedly unconstitutional confinement, the Court notes that a judgment awarding him monetary damages would necessarily

call into question the validity of his confinement.  Consequently, plaintiff cannot proceed on his damages claim unless and until the judgment finding that he is a sexually violent predator has been reversed or otherwise called into question.  See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3] is **DENIED** as moot.

An appropriate order shall accompany this order and memorandum.

Dated this 14th day of August, 2006.

  _____
  **UNITED STATES DISTRICT JUDGE**